**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose G. FLORES, Defendant–Appellant.**

**No. 01–2376.**

United States Court of Appeals, Tenth Circuit.

Dec. 9, 2002.

David N. Williams, Asst. U.S. Attorney, David C. Iglesias, U.S. Attorney, Albuquerque, NM, Peter M. Ossorio, Las Cruces, NM, for Plaintiff–Appellee.

Cesar Pierce-Varela, Las Cruces, NM, For Defendant–Appellant.

Before BRISCOE, Circuit Judge, BRORBY, Senior Circuit Judge, and HARTZ, Circuit Judge.

## ORDER AND JUDGMENT*

WADE BRORBY, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jose G. Flores appeals the district court's denial of his motion to suppress a machine gun and silencer which were seized from his residence during a search for electronic piracy devices. In reviewing the denial of a motion to suppress, this court accepts the district court's findings of fact unless they are clearly erroneous, and views those facts in the light most favorable to the government, though the ultimate determination of reasonableness under the Fourth Amendment is a question of law reviewed de novo. *United States v. Basham,* 268 F.3d 1199, 1203 (10th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1336, 152 L.Ed.2d 241 (2002).

The machine gun and silencer were lawfully seized during the execution of a search warrant. Specifically, the seizure was proper under the plain view doctrine. *See United States v. Naugle,* 997 F.2d 819, 822 (10th Cir.1993). Having reviewed the parties' arguments, the district court's or-

---

der and the record on appeal, we AFFIRM.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.